[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, at New Haven. Docket No. CR6-294495.
Thomas Ullman, Esq. Defense Counsel for Petitioner.
David Gold, Esq. Asst. State's Atty. for the State.
The petitioner was convicted after a trial by jury of the crimes of Assault in the Third Degree and Burglary in the First Degree. The court imposed a sentence of one year on the Assault Third Degree charge and on the Burglary in the First Degree a sentence of eighteen years, execution suspended after fifteen years, with five years probation to run concurrently each sentence with the other. The total effective sentence was eighteen years, execution suspended after fifteen years to serve with five years probation.
The record reflects that at about midnight on a particular day the petitioner attempted to enter an occupied dwelling by breaking the glass to the rear kitchen door and inserting his hand apparently for the purpose of unlocking the door from within and effectuating entry. The 13 year old daughter of the occupant alerted the family to the attempted entry. The victim confronted the burglar/petitioner outside the premises and as a result of a scuffle the victim was struck by the petitioner with a sharp object in his (the victim's) eye. As a result of this injury, the victim lost the sight of his eye.
Petitioner's counsel at the hearing emphasized that the injury suffered by the victim occurred after the attempted entry by petitioner when the petitioner took flight and was confronted by the victim in the front of the house after a chase. Counsel further argued that the jury returned not guilty verdicts on two counts of Assault in the First Degree which reflects that the jury was not convinced that the defendant intended to inflict serious physical injury on the victim. Petitioner's counsel commented on the limited nature of the entry wherein only the petitioner's hand found its way into the dwelling. Counsel stressed that petitioner had been out on bond on the instant case for two years and during that period of time petitioner did CT Page 7910 not involve himself in further difficulty, did work in the community wherein, among other things, the petitioner established a church, had a positive effect on the community and tried to disassociate himself from prior bad influences. Petitioner's counsel indicated that at time of the offense the petitioner had a severe substance abuse problem and that the sentencing court failed to consider the rehabilitation and the re-integration of the petitioner in imposing sentence.
The counsel for the State opined that the sentence imposed was reasonable and appropriate due to the serious nature of the instant offense and defendant's prior criminal history. Counsel commented that the victim lost one eye and his employment, as a result of this incident, and due to the phenomenon known as "sympathetic eye" is losing his vision in the other eye. The state's attorney emphasized the three prior robbery convictions of the petitioner and the non-stop nature of defendant's prior criminal involvement. The attorney for the state argued that there was ample evidence before the sentencing court that lesser sentences or an alternative sentencing plan would not deter future criminal activity by petitioner.
The petitioner at the hearing attributed his conduct to the fact that he was constantly on drugs.
In reviewing the remarks of the sentencing court is demonstrates that the court considered that the petitioner was a repeat offender involved with very serious offenses and that petitioner had demonstrated a "callous attitude toward other persons personal safety and rights, . . . ." The court took into consideration that past periods of incarceration have had no effect on petitioner's continued criminal activity and that the petitioner has not benefited from any of the rehabilitative type programs made available to him. The court considered that the petitioner had recognized his own shortcomings and nonetheless persisted in serious criminal conduct. The court likewise stressed the serious nature of the injury inflicted by the petitioner on the victim.
Pursuant to CPB 942 the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, CT Page 7911 rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Review Division is without authority to modify sentences except in accordance with the provisions of PB 942 and CGS 51-194 et seq.
When reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of PB 942. The sentence imposed was neither inappropriate or disproportionate. The sentence is affirmed.
Purtill, J.
Klaczak, J.
Miano, J.
Purtill, J., Klaczak, J. and Miano, J., participated in this decision.